IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUCINDA W. DEROSA,

      Plaintiff,

v.

AMERICAN MODERN SELECT
INSURANCE COMPANY,

      Defendant.

Case No. 19-2380-DDC-TJJ

## MEMORANDUM AND ORDER

Before the court is defendant American Modern Select Insurance Company's ("American Modern") "Motion to Conduct Limited Discovery and Request for Stay of Ruling on Subject Matter Jurisdiction" (Doc. 8). American Modern seeks limited discovery to support its assertion that the court has subject matter jurisdiction over this case. American Modern also requests a stay of the deadline to respond to the court's Order to Show Cause (Doc. 6). The court grants American Modern's motion, permitting 30 days for limited discovery and setting September 9, 2019, as the new deadline for the parties to respond to the Order to Show Cause.

On July 12, 2019, American Modern removed this action to federal court. Doc. 1. On July 16, 2019, the court issued an Order to Show Cause, giving the parties 14 days to file written responses explaining why the court should not remand the case to state court for lack of subject matter jurisdiction. Doc. 6. The Order to Show Cause questioned whether plaintiff Lucinda W. Derosa's Complaint makes allegations supporting damages in excess of the $75,000 threshold required for subject matter jurisdiction under 28 U.S.C. § 1332. *Id.*

Ms. Derosa's cause of action stems from alleged damage to her home and property during a storm on June 16, 2017. Doc. 1-2 at 5 (Compl. ¶ 6). Pertinent to the amount in controversy issue, Ms. Derosa (1) alleges $8276.16 in uncovered damage to a roof; (2) asserts that she suffered an unspecified amount of damage to drywall, a ceiling, a privacy fence, and a deck; and (3) seeks attorneys' fees under two Kansas statutes. Doc. 6 at 2; *see also* Doc. 1-2 at 4, 8 (Compl. ¶¶ 7, 22, 24, 34). American Modern requests limited discovery on Ms. Derosa's anticipated costs in repairing the drywall, ceiling, privacy fence, and deck. Doc. 8 at 5–6. American Modern also asks for limited discovery on Ms. Derosa's attorneys' fees. *Id.*

Where a court questions whether a removed action satisfies the amount in controversy requirement under § 1332, "the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). If, as is the case here, a state court complaint does not identify a specific amount in controversy, "the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play." *Id.* at 955. The standard of proof for this showing is the familiar "preponderance of the evidence" standard. *Id.* at 954. And, "once th[e]se underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.*

The burden placed on a removing defendant to prove jurisdictional facts creates something of an anomaly because an out-of-state defendant, a party intended to benefit from diversity jurisdiction, is not able to shape the allegations establishing federal jurisdiction. *Id.* at 952–53. Nor does an out-of-state defendant, at the time of removal, possess the evidence which plaintiff will use to establish her damages. *See id.* at 953 (observing that discovery is unlikely to

have occurred before a defendant's 30-day window to remove action elapses). To overcome this anomaly, a removing defendant, if confronted by a challenge to whether an action meets the amount in controversy requirement, may "rely on the federal discovery process to produce this evidence" and "may ask the court to wait to rule on the remand [issue] until limited discovery has been completed." *Id.* at 954; *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975))).

The court concludes it is appropriate to permit limited discovery on the amount of damage to Ms. Derosa's drywall, ceiling, privacy fence, and deck. Although the storm damage underlying Ms. Derosa's action occurred two years ago, the Complaint states Ms. Derosa was "in the process of obtaining bids to attempt repairs" when she commenced this action Doc. 1-2 at 7 (Compl. ¶ 24). The Complaint thus does not reveal the monetary value of the damage to the drywall, ceiling, privacy fence, and deck. And, because federal law required American Modern to remove the action within 30 days of Ms. Derosa filing her Complaint, *see* 42 U.S.C. § 1446(b), it did not have an opportunity to pursue discovery in state court.

The court also concludes it is appropriate to permit limited discovery on Ms. Derosa's actual and anticipated attorneys' fees. Ms. Derosa seeks attorneys' fees under Sections 40-256 and 40-908 of the Kansas Statutes Annotated. Doc. 1-2 at 8. Section 40-256 allows for the recovery of attorneys' fees when "judgment is rendered against an insurance company" and the insurance company "refused without just cause or excuse to pay the full amount of [the] loss." Kan. Stat. Ann. § 40-256. And, § 40-908 provides:

> in all actions . . . in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by . . . lightning or

> hail, the court . . . shall allow the plaintiff a reasonable sum as an attorneys' fee for services in such action . . . and collected as a part of the costs.

Kan. Stat. Ann. § 40-908.

If a state statute allows plaintiff to recover her attorneys' fees, then the attorneys' fees count toward the amount in controversy requirement of the jurisdictional standard adopted by 42 U.S.C. § 1332. *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). And, "when a statute permits recovery of attorney's fees[,] a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Mo. State Life Ins. Co.*, 290 U.S. at 202). As Kansas law may permit Ms. Derosa to recover her attorneys' fees, it is appropriate to permit American Modern discovery on (1) Ms. Derosa's attorneys' fees to date; and (2) information that will allow the parties and the court to estimate Ms. Derosa's anticipated attorneys' fees, including Ms. Derosa's counsel's hourly rate. *See Helvey v. Am. Nat'l Life Ins. Co. of Tex.*, No. 12-1109-MLB, 2012 WL 2149676, at *3 (D. Kan. June 13, 2012) (permitting limited discovery on attorneys' fees where amount in controversy was in doubt).

**IT IS THEREFORE ORDERED BY THE COURT THAT** American Modern's "Motion to Conduct Limited Discovery and Request for Stay of Ruling on Subject Matter Jurisdiction" (Doc. 8) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties shall have **30 days** from the date of this Order to conduct limited discovery consistent with this Order.

**IT IS FURTHER ORDERED BY THE COURT THAT** the deadline for the parties to respond to the Order to Show Cause (Doc. 6) is amended, and responses now are due on **September 9, 2019.**

**IT IS SO ORDERED.**

**Dated this 24th day of July, 2019, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**