# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LUCINDA W. DEROSA,

    Plaintiff,

v.

AMERICAN MODERN SELECT
INSURANCE COMPANY,

    Defendant.

Case No. 19-2380-DDC-TJJ

## MEMORANDUM AND ORDER

This matter comes before the court following the court's Order to Show Cause. That order required defendant American Modern Select Insurance Company and plaintiff Lucinda W. Derosa to file responses explaining why the court should not remand this case to state court for lack of subject matter jurisdiction. Doc. 6. After considering the parties' arguments, the court remands this action to the Johnson County, Kansas District Court.

**I.**    **Background**

Plaintiff filed this breach of contract action in the Johnson County, Kansas District Court on June 14, 2019. Doc. 1-2. Defendant removed the action to this court on July 12, 2019, claiming this court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. Plaintiff's state court complaint sought $8,276.16 for the replacement of plaintiff's roof plus costs to repair damage to her drywall, ceiling, privacy fence, and deck. *See* Doc. 1-2 at 5–7. The state court complaint did not specify the cost to repair all of the damage but requested "damages in amount exceeding $25,000, plus costs, pre-judgment interest, attorney's fees . . . , and all other relief [that is] just and proper." *Id.* at 8. And, as Kansas law may permit plaintiff to recover her

attorneys' fees, a reasonable estimate of attorneys' fees may count toward the amount in controversy. *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Because plaintiff did not make a specific monetary demand but alleged major damage to her property, defendant asserted that plaintiff's damages, together with attorneys' fees, would reach the jurisdictional prerequisite for federal court of an amount in controversy exceeding $75,000. Doc. 1 at 3–5.

But, the court questioned whether the amount in controversy actually exceeds $75,000. On July 16, 2019, the court ordered the parties to file responses explaining why the court should not remand this case to state court for lack of subject matter jurisdiction. Doc. 6. The court permitted defendant to conduct limited discovery about: (1) plaintiff's attorneys' fees to date, (2) information that will allow the parties and the court to estimate plaintiff's anticipated attorneys' fees, including plaintiff's counsel's hourly rate, and (3) plaintiff's anticipated costs in repairing the drywall, ceiling, privacy fence, and deck. Doc. 10.

## II.  Legal Standard

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. §§ 1331–32. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Defendant invokes the court's subject matter jurisdiction under the federal diversity statute. Under that provision, 28 U.S.C. § 1332, federal jurisdiction is proper when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." Here, the Notice of Removal adequately alleges the parties are citizens of different states. But, the amount in controversy is in question.

Under 28 U.S.C. § 1446(c)(2), the general rule is that the amount in controversy is the "sum demanded in good faith in the initial pleading." If the "allegations of the complaint. . . are not dispositive, the allegations in the petition for removal" may be used to determine the amount in controversy. *Lonnquist v. J. C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). But, if a court questions whether a removed action satisfies the amount in controversy requirement under § 1332, "evidence establishing the amount is required." *Id*.

"In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554; *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted [in a notice of removal] if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]"); *Knight v. Allstate Ins. Co.*, No. 15-9103-KHV, 2016 WL 74402, at *2 (D. Kan. Jan. 5, 2016) ("To remain in federal court, defendant must prove by a preponderance of the evidence facts sufficient to establish that the amount in controversy may exceed $75,000). "To satisfy the preponderance standard, a party must show a reasonable probability that the [amount in] controversy exceeds" $75,000. *Owens*

*v. Dart Cherokee Basin Operating Co.*, No. 12-4157-JAR-JPO, 2015 WL 7853939, at *3 (D. Kan. Dec. 3, 2015) (internal quotations and citations omitted). The proponent of federal jurisdiction can establish "jurisdictional facts" to meet this standard by, among other alternatives, "interrogatories[,] . . . calculation from the complaint's allegations[,] referenc[ing] . . . the plaintiff's informal estimates or settlement demands[,] or [ ] introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (internal quotations and citations omitted).

If the proponent of subject matter jurisdiction has "establish[ed] jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" by a preponderance of the evidence, then it "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954–55; *see also Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911–12 (10th Cir. 2016) (explaining that (i) "the term 'in controversy' has never required a party seeking to invoke federal jurisdiction to show that damages '*are* greater' or will *likely* prove greater 'than the requisite amount' specified by statute" but instead must "show only and much more modestly that 'a fact finder *might* legally conclude' that damages exceed the statutory amount" (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)) and (ii) "to justify dismissal under this standard 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount'" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938))). Stated another way, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [$75,000] . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Hammond*, 844 F.3d at 914 (internal citations and quotations omitted).

The court thus considers below, under the preponderance of the evidence standard, whether defendant plausibly has established the requisite amount in controversy exceeding $75,000.[1]

### III. Analysis

Defendant contends that "the facts are sufficient to establish that the amount in controversy may exceed $75,000." Doc. 14 at 1. Limited discovery here revealed that plaintiff's total alleged damages based on repair bids are $19,540.83, exclusive of attorneys' fees. Doc. 14-1 at 2. And, plaintiff's attorneys' fees as of August 29, 2019 were just $3,785. Docs. 14 at 1–2, 14-1 at 2. So, "to reach the $75,000.01 threshold" defendant argues plaintiff could "reasonably incur an additional $51,674.17 in attorney's fees." Doc. 14 at 2. This argument is based on

---

[1] As federal courts are courts of limited jurisdiction, courts in the Tenth Circuit have traditionally applied a presumption against jurisdiction when an action is removed from state court and diversity jurisdiction is uncertain. *See, e.g.*, *City of Neodesha v. BP Corp. N. Am. Inc.*, 176 F. Supp. 3d 1233, 1237 (D. Kan. 2016) ("[F]ederal courts strictly construe removal statutes and resolve all doubts in favor of remand."); *Owens v. Dart Cherokee Basin Operating Co.*, No. 12-4157-JAR-JPO, 2015 WL 7853939, at *2 (D. Kan. Dec. 3, 2015) ("Because federal courts are courts of limited jurisdiction, there is typically a presumption against federal jurisdiction. However, there is no antiremoval presumption for cases arising under [the Class Action Fairness Act]." (internal citations and quotations omitted)); *Gabbert v. Wells Fargo Home Mortg.*, No. 1:15-CV-16 TS, 2015 WL 3685331, at *2 (D. Utah June 12, 2015) ("The Tenth Circuit has repeatedly affirmed the existence of a presumption against removal. The basis for this presumption is the belief that plaintiff's right to choose the forum outweighs the defendant's right to removal."); *Khalil v. Dwyer Group, Inc.*, No. 11-cv-02511-JAR-DJW, 2011 WL 6140531, at *2 (D. Kan. Dec. 9, 2011) ("Where a plaintiff has not instituted suit in federal court, [t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . . If uncertainties exist regarding the satisfaction of the jurisdictional amount, the [c]ourt must resolve the uncertainties in favor of remand." (internal citations and quotations omitted)); *Havens Protected "C" Clamps, Inc. v. Pilkington PLC*, No. 00-2035-JWL, 2000 WL 382027, at *3 (D. Kan. Mar. 28, 2000) ("It is well-settled in the Tenth Circuit that there is a presumption against removal jurisdiction. As a result, any doubts must be resolved in favor of remand." (internal quotations and citations omitted)).

When considering the amount in controversy requirement in a notice of removal from state court to our court in a Class Action Fairness Act ("CAFA") case, the Supreme Court determined there was no presumption against removal in CAFA cases, but declined to address the appropriateness of a presumption against removal jurisdiction in cases such as this one. *See Dart Cherokee*, 135 S. Ct. at 544; *see also Speed v. JMA Energy Co.*, 872 F.3d 1122, 1128 (10th Cir. 2017) (explaining in a case decided after *Dart Cherokee* that no presumption against removal exists because it was a CAFA action and *Dart Cherokee* expressly found no presumption against removal exists for CAFA cases); *City of Neodesha*, 176 F. Supp. 3d. at 1237 n.9 (discussing *Dart Cherokee* and noting that no Tenth Circuit cases "directly address the impact of *Dart Cherokee* on any presumption against removal jurisdiction" in non-CAFA cases, but noting that district courts in the Tenth Circuit "have continued to recite the presumption" after *Dart Cherokee* was decided). To decide this motion, the court need not consider whether a presumption against removal jurisdiction exists because it is not dispositive because defendant plainly has not satisfied its preponderance of the evidence burden.

plaintiff's attorney's rate of $300/hour and an assumption that plaintiff's attorney would work at least an additional 172 hours on this matter. *Id.*; Doc. 14-1 at 2. Defendant asserts another 172 hours is "not an unreasonable estimate" considering the early stage of the litigation and "the fact that extensive depositions will be needed." Doc. 14 at 2–3; *see also* Doc. 1 at 4 (noting that "attorneys' fees will contribute a significant amount towards the amount in controversy" because of "the complexity of this case" and "the amount of written discovery and depositions that will be required").

In response to defendant's interrogatories, plaintiff did not provide an estimate of the anticipated hours plaintiff's attorneys would work through trial. Doc. 14-1 at 2 (responding that the number of anticipated hours "is impossible to estimate and is largely driven by Defendant's defense strategy"). Plaintiff, however, argues that the court should remand the action to state court. Though plaintiff is requesting attorneys' fees, she contends "[a]bsent unusually high attorney's fees caused by unnecessary procedural work, it is inconceivable that the amount in controversy could exceed $75,000." Doc. 13 at 2. In sum, plaintiff has declined to predict the size of her future fee request because she doesn't know how aggressively or substantially defendant will defend the action. And defendant has failed to provide real information about the level of effort it will bring to bear. *See, e.g.*, Doc. 14 at 2–3 (only providing conclusory rhetoric about "extensive depositions" but neglecting to provide fact-based information).

After considering the evidence presented, the court agrees remand is appropriate here. The court concludes defendant has not shown by a preponderance of the evidence an amount in controversy exceeding $75,000, as required to invoke jurisdiction under § 1332, is plausibly at stake here. To exceed $75,000, plaintiff would have to incur attorneys' fees almost tripling the amount in controversy, *i.e.*, $19,000 in damages and $57,000 in fees—three times the value of

6

plaintiff's alleged damages—barely would exceed the $75,000 threshold. Our court has remanded in similar cases. *See Manibhadra, Inc. v. Aspen Ins. UK Ltd.*, No. 14-4112-SAC, 2014 WL 7246858, at *1–3 (D. Kan. Dec. 17, 2014) (remanding to state court where petition for breach of insurance contract sought $19,425.00 in damages plus attorneys' fees and defendant "has not shown that a recovery of attorneys' fees . . . more than twice the amount of damages . . . is reasonably possible in this breach of contract case"). Defendant speculates that plaintiff's counsel will spend at least 172 more hours on this case, but defendant has provided no evidence to support this claim. *See id.* at *2–3 (explaining that "mere speculation does not suffice" where "[d]efendant has not tendered an affidavit from its own expert [about] the probable costs of litigation and amount of attorney's fees that could reasonably be expected to be awarded in a breach of contract case of this type that is litigated to judgment"); *see also Stuart v. Cocorilla, Ltd.*, No. 18-cv-00926-KLM, 2019 WL 529517, at *4 (D. Colo. Feb. 11, 2019) (explaining that "reasonable estimates" of attorneys' fees "may be used when calculating the amount in controversy[,]" but "speculation and conclusory allegations . . . are insufficient"); *Knight*, 2016 WL 74402, at *2–3 (holding that remand was appropriate in property loss case with a $40,000 insurance coverage limit because defendant had not provided evidentiary support for its assertion that "it is more than reasonable that [p]laintiff may seek attorney fees in excess of $35,000 . . . given the need for expert testimony, as well as multiple depositions" (internal quotations omitted)); *Butler v. Target Corp.*, No. 12-4092-SAC, 2012 WL 5362974, at *3–4 (D. Kan. Oct. 31, 2012) (explaining that a "plaintiff's refusal to stipulate to an amount in controversy less than the jurisdictional threshold. . . alone is not sufficient to justify a finding of jurisdiction absent other persuasive evidence" and holding that remand was appropriate where defendant offered only "conclusory allegations on the amount in controversy"); *Gunther v. Travelers Indem. Co.*,

No. 12-2492-KHV, 2012 WL 4463437, at *4–5 (D. Kan. Sept. 27, 2012) (holding that defendant "has the burden of proving jurisdictional facts by a preponderance of the evidence" and, because defendant did not provide evidence that the amount in controversy would exceed $75,000 including plaintiff's attorneys' fees, remand was appropriate); *Tafoya v. Am. Family Mut. Ins. Co*, No. 08-cv-01656-MSK-MEH, 2009 WL 211661, at *2, at *2 n.5 (D. Colo. Jan. 28, 2009) (explaining the "means by which a defendant can independently establish the amount in controversy" include "an affidavit from its own experts [about] the probable costs of litigation and amount of attorney's fees that could reasonably be expected to be awarded," and because defendants had offered no such evidence, only "the mere fact that attorney's fees might be awarded," this was insufficient to "establish that the fees claimed . . . would exceed $75,000 . . . [as] one would have to engage in sheer speculation to determine the amount of fees that might ultimately be awarded").

Here, the court already has allowed defendant limited discovery to meet its evidentiary burden. Still, defendant has not shown by a preponderance of evidence jurisdictional facts establishing how an award of attorneys' fees may be upwards of $55,000 to bring the total amount in controversy over $75,000 here. *See Helvey v. Am. Nat.'l Life Ins. Co. of Tex.*, No. 12-1109-MLB, 2012 WL 2149676, at *3 (D. Kan. June 13, 2012); *Minimally Invasive Surgery Hosp., Inc. v. Arnold*, No. 08-2637-KHV, 2009 WL 1874033, at *4 (D. Kan. June 30, 2009).

## IV. Conclusion

The court finds defendant has failed to provide evidence sufficient to carry its preponderance of evidence burden that the required jurisdictional amount is plausibly at stake here. The court thus lacks subject matter jurisdiction over this action and remands the case to the Johnson County, Kansas District Court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** this action is remanded to the Johnson County, Kansas District Court for lack of subject matter jurisdiction. The court directs the Clerk of Court to take all necessary steps to effectuate this remand.

**IT IS SO ORDERED.**

**Dated this 11th day of October, 2019, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**